Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Randal William Emory, Appellee.

Submitted on briefs July 10, 1985, to Judges Mac-Phail, Doyle and Barry, sitting as a panel of three.

*Lawrence R. Wieder*, Assistant Counsel, with him, *Harold H. Cramer*, Assistant Counsel, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Jill A. McCracken*, for appellee.

Opinion by Judge MacPhail, September 11, 1985:

The Department of Transportation (DOT) appeals here from a decision of the Court of Common Pleas of Franklin County which ordered the reinstatement of Randal W. Emory's (Appellee) operator's license.[1]

The trial court found[2] that Appellee was driving a vehicle which was involved in a one-car accident. Appellee lost consciousness and was taken to a hospital emergency room where a sample of his blood was

---

[1] We note that Appellee has been precluded from filing a brief in this matter, for failure to adhere to the briefing schedule and failure to file a brief within the time imposed by a prior order of this Court.

[2] The trial court did not make separate findings of fact; however, that court's findings which we cite were readily discernible in its opinion.

taken. After he regained consciousness Appellee was belligerent and difficult. Subsequently, he was arrested by a police officer for driving under the influence.[3] The officer requested that Appellee submit to a blood test. Appellee refused this request.

DOT frames the issue before us as whether a driver may refuse a police officer's request for a blood sample on the ground that hospital personnel had previously taken a blood sample pursuant to Section 3755 of the Vehicle Code (Code).[4] At the time the instant case arose, Section 3755 provided in pertinent part:

(a) General rule. —If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved motor vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of section 3731 [of the Code, *as amended*, 75 Pa. C. S. §3731] (relating to driving under influence of alcohol or controlled substance) was involved, the emergency room physician or his designee shall promptly take blood samples from those persons and transmit them within 24 hours for testing to the Department of Health or a clinical laboratory licensed and approved by the Department of Health and specifically designated for this purpose. This section shall be applicable to all injured oc-

---

[3] There was no issue raised concerning the arresting officer's belief that he had reasonable grounds to arrest Appellee. The record discloses that the officer detected an odor of alcoholic beverages in the car at the accident scene and on the breath of Appellee in the hospital. The officer also testified that Appellee was uttering loud obscenities in the hospital.

[4] *As amended*, added by Section 11 of the Act of December 15, 1982, P.L. 1268, 75 Pa. C. S. §3755.

cupants who were capable of motor vehicle operation if the operator or person in actual physical control of the movement of the motor vehicle cannot be determined. Test results shall be released upon request of the person tested, his attorney, his physician or governmental officials or agencies.

At issue before the trial court, in a de novo hearing, was whether DOT had properly suspended Appellee's operator's license for his refusal to permit a blood test to determine whether Appellee had been driving while under the influence of alcohol. Our scope of review is limited to a determination of whether the findings of fact of the trial court are supported by competent evidence, whether there has been an error of law and whether the trial court has manifestly abused its discretion in arriving at its decision. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982). It is for the trial court to resolve questions of credibility and conflicts in the evidence. *Id.*

In order to resolve the issue before us, we must first construe Section 3755 of the Code. We hold that Section 3755 imposes an affirmative duty upon emergency room personnel treating victims of vehicular accidents to comply with requests to obtain blood samples from such victims where such requests are made by police officers who have determined that probable cause exists to believe that the person who operated or was in actual physical control of the vehicle was in violation of Section 3731 of the Code. Section 3755 does not impose a duty upon emergency room personnel to determine whether probable cause exists. Such a construction could well render the statute invalid, a result which we must presume the legislature did not intend. Section 1922 of the Statu-

tory Construction Act of 1972, 1 Pa. C. S. §1922. We believe that the provision that "[n]o physician, nurse or technician or hospital employing such physician, nurse or technician may administratively refuse to perform such tests and *provide the results to the police officer"* clarifies the legislative intent that the duty of medical personnel arises after a police officer has made a determination of probable cause. Section 3755(b) of the Code (emphasis added).

The trial court found that a blood sample was taken from Appellee while he was still unconscious in the hospital emergency room. This finding is supported by the hospital's response to DOT's inquiry made at the trial judge's request in the course of the hearing. The trial judge additionally noted that the affidavit of probable cause which was a part of the criminal complaint filed against the Appellee by the prosecuting officer stated that the Chambersburg Hospital staff had blood drawn for medical purposes.[5] The trial judge also stated, "Apparently, the emergency room physician concluded that Emory had been driving under the influence." There is nothing in the record which would support that statement, however, and it will be observed that the trooper's affidavit says that the blood was drawn for "medical" purposes.

In any event, it appears to us that the trial court has concluded that inasmuch as the hospital took a blood sample from Appellee, DOT has no right thereafter to suspend Appellee's license for his admitted

---

[5] The criminal complaint was admitted into evidence as defendant's exhibit 1. While that exhibit as it appears in the record before us does not contain the language cited by the trial judge, we have no doubt that such language did appear on some attachment to the exhibit since the abbreviation "Cont." is found at the end of the affidavit on the face of the exhibit in the record.

refusal of the trooper's request that he take a blood test.

DOT contends in this appeal that the provisions of Section 3755 are not related to the enforcement provisions of Section 1547 of the Code, *as amended,* 75 Pa. C. S. §1547. Subsection (a) of Section 1547 provides that a motorist in Pennsylvania is deemed to have given his consent to "one or more" chemical tests of blood, breath or urine in circumstances where a police officer has reasonable cause to arrest a motorist for driving under the influence. Subsection (b) provides that where a motorist refuses to submit to such chemical test, after having been advised of the consequences of his refusal, his operating privileges shall be suspended. Subsection (c) provides that the results of tests of blood are admissable in criminal proceedings if made by approved facilities.

While it seems obvious that both Sections 1547 and 3755 are designed to reduce the horrendous problem of drunk driving in the Commonwealth, we must agree with DOT that there is no other obvious nexus between the two Sections. We must respectfully disagree with the learned trial judge that the successful criminal prosecution of Appellee using the results of the test of his blood obtained by the hospital somehow absolves the Appellee from the mandated suspension provision of Section 1547 where Appellee admittedly refused to take a blood test. This Court has often stated that the license suspension proceedings, being civil in nature, are separate and apart from the criminal proceedings. *See Hando v. Commonwealth of Pennsylvania,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984).

In the instant case, there is no record evidence that Appellee refused the officer's request for a blood test *because* a blood sample had already been taken

nor is there any record evidence that when the officer requested the test the officer knew or had reason to know that a blood sample for the purpose of testing the alcoholic content thereof already had been taken. Finally, even if the arresting officer had been aware that a blood sample had been obtained for that purpose, the specific statutory language in Section 1547 (a) would not, per se, prohibit the officer from requesting another test. We agree with the trial judge that the police may not abuse the testing authority authorized in Section 1547 by requesting excessive tests, but such was not the case here.

We hold that the withdrawal of a blood sample under the authority of Section 3755 of the Code does not bar DOT from suspending an operator's license where the operator refuses a request for a blood test by an arresting officer who has complied with the mandatory provisions of Section 1547.

As we have noted, the trial court in the instant case found that Appellee was arrested for driving under the influence by a police officer who asked Appellee to submit to a blood test, and that Appellee admitted that he refused that request. There is substantial evidence in the record to support these findings. Unfortunately, the trial court made no finding regarding whether Appellee was warned of the consequence of his refusal. The record contains conflicting evidence on this issue and we may not resolve this conflict. This is the duty of the fact-finder. *Waigand.* We must, therefore, remand this matter to the trial court for proceedings consistent with this opinion.

ORDER

The order of the Court of Common Pleas of Franklin County dated November 25, 1983, Misc. Docket Volume Y, Page 313, is hereby vacated and the mat-

ter is remanded to that court for further proceedings consistent with the attached opinion.

Jurisdiction relinquished.