## Commonwealth v. Kulp

*John B. Dunn, assistant district attorney,* for the Commonwealth.

*Gerald J. Geiger,* for defendant.

O'BRIEN, *J.,* December 30, 1986 —

## I. FINDINGS OF FACT

1. In the early morning hours of August 30, 1986, defendant was arrested for driving under the influence.

2. At 2:00 a.m. on August 30, 1986, with the consent of defendant, a vial of blood was drawn at the Pocono Hospital in East Stroudsburg, Monroe County, Pa. and delivered to the arresting officer.

3. The arresting officer placed the vial, which contained the preservative sodium fluoride, in his police locker at the Stroudsburg Police Headquarters at approximately 3:00 a.m. on August 30, 1986. The vial of blood was not refrigerated while at the Stroudsburg Police Headquarters.

4. On September 3, 1986, the vial of blood was transported from the Stroudsburg Police Headquarters to the State Police Crime Laboratory at Wyoming, Pa. It was logged in at 10:45 a.m. and placed in a refrigerator.

5. On September 11, 1986, a duly qualified criminalist employed by the Pennsylvania State Police performed a gas chromatography analysis of the

blood and determined that it contained .33 percent alcohol.

6. Experiments conducted by duly qualified toxicologists have disclosed blood samples preserved by sodium fluoride as long as eight weeks were found not to have any change in their alcoholic content.

7. The delay from August 30, 1986, until September 11, 1986, in performing the gas chromatography test on the blood sample to determine the level of alcohol present did not interfere with the accuracy of the test.

## II. DISCUSSION

The sole issue raised in this proceeding is whether or not a delay from August 30, 1986, until September 11, 1986, constituted "excessive time lapse between collection and examination" so as to preclude the admission in evidence at trial of the blood test results. Defendant cites 28 Pa. Code §5.44(a) and 75 Pa.C.S. §3755(a) as authority for the proposition that defendant's blood sample cannot be admitted into evidence.

Section 5.44(a) of the Pennsylvania Code states:

"No specimen shall be examined if unsuitable for testing because of improper collection, improper preservation, apparent spoilage, excessive time lapse between collection and examination, when applicable, or other reason sufficient to render the findings of doubtful validity."

The above code provision simply states that specimens are unsuitable for testing due to an excessive time lapse between collection and examination. Nowhere does this provision suggest what length of time constitutes such "excessive time lapse." Defense counsel, citing 75 Pa.C.S. §3755(a) suggests that 24 hours is a suitable period of time.

Section 3755(a) provides:

"If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved motor vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of Section 3731 (relating to driving under influence of alcohol or controlled substance) was involved, the emergency room physician or his designee shall promptly take blood samples from those persons and transmit them within 24 hours for testing to the Department of Health or a clinical laboratory licensed and approved by the Department of Health and specifically designated for this purpose. This section shall be applicable to all injured occupants who were capable of motor vehicle operation if the operator or person in actual physical control of the movement of the motor vehicle cannot be determined. Test results shall be released upon request of the person tested, his attorney, his physician or governmental officials or agencies."

The Commonwealth Court in Commonwealth, Department of Transportation v. Emory, 91 Pa. Commw. 580, 498 A.2d 26 (1985), held that section 3755, imposes an affirmative duty upon *emergency room personnel* treating victims of vehicular accidents to comply with requests to obtain blood samples from such victims where such requests are made by police officers who have probable cause to believe that the person who operated the vehicle was in violation of section 3731 of the code. (Emphasis supplied.) The statute has no bearing upon police. Since, in the case at bar, hospital personnel delivered defendant's blood sample without delay to the arresting officer, section 3755 is not relevant.

The issue presented for resolution in this case is the factual one of whether the delay in question

affected the analysis of the alcoholic content in defendant's blood sample. Both Commonwealth and defense presented expert testimony to support their positions. It is for the trial court to resolve questions of credibility and conflicts in evidence. Waigand v. Commonwealth, 68 Pa. Commw. 541, 449 A.2d 862 (1982). The Commonwealth's expert witness Dr. Hrynkin is a certified toxicologist who has headed a criminal laboratory for 17 years. He had gathered expertise both by extensive education and practical experience. Dr. Hrynkin has delivered educational papers on the subject of analysis of blood samples to detect the presence of alcohol in the bloodstream and definitively stated that the delay in question would not affect the alcoholic content. Defense's expert, a college professor with far less practical experience in the field of toxicology tentatively stated that the delay might have an effect. Comparing the backgrounds and testimony of both witnesses, we have found the Commonwealth's expert witness to be more credible.

## III. CONCLUSIONS OF LAW

1. Section 3755 of the Motor Vehicle Code, requiring emergency room personnel to transmit within 24 hours blood samples of persons operating motor vehicles believed to be in violation of section 3731, does not apply to police officers.

2. The delay in question did not constitute an "excessive time lapse between collection and examination" so as to preclude the admission to evidence at trial of the blood test results.

## ORDER

And now, this December 30, 1986, defendant's omnibus pretrial motion is denied.