539 A.2d 22

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Charles B. Smith, Appellee.

Submitted on briefs February 23, 1988, to Judges DOYLE, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Donald H. Poorman*, Assistant Counsel, *John L. Heaton*, Chief Counsel, for appellant.

*Harvey A. Yanks*, for appellee.

OPINION BY SENIOR JUDGE NARICK, March 16, 1988:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) from a decision of the Court of Common Pleas of Philadelphia County which reversed the Department's suspension of the operating privileges of Charles B. Smith. We reverse.

The relevant facts before us in the record are as follows. On March 9, 1986, Mr. Smith was arrested for driving under the influence of alcohol (DUI), after being involved in an automobile accident. Mr. Smith was taken from the accident scene to Presbyterian Hospital in Philadelphia for treatment. He was later removed to the Police Administration Building (Roundhouse).

There, he declined a breathalyzer test because of injuries he sustained to his lip in the accident. Mr. Smith was then requested to submit to a blood test, but he refused the blood test stating that blood had already been taken from him at Presbyterian Hospital. On April 3, 1986, Mr. Smith was notified by the Department that his driver's license was being suspended for failure to submit to testing as required by Section 1547 of the Vehicle Code (Code), *as amended,* 75 Pa. C. S. §1547.

An appeal nunc pro tunc from the Department's suspension was taken to the court of common pleas. At the trial court hearing, the only issue raised by Mr. Smith was whether his voluntary submission to blood testing at Presbyterian Hospital satisfied the statutory requirements. The trial court concluded that it did. Hence, this appeal.

Our scope of review herein is limited to determining whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, and whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

The sole issue raised by the Department on appeal is that the trial court erred in its determination that the requirements of Section 1547 of the Code had been satisfied because although Mr. Smith had refused the officer's request that he submit to a blood test, when Mr. Smith informed the officer that he had just submitted to a blood test from hospital personnel, this was equivalent to authorization to have the hospital test results made known to the Commonwealth. This Court has held that the mere fact a licensee has submitted to blood tests from hospital personnel prior to or subsequent to his refusal to consent to a police officer's request for a blood test does not bar the Department

from suspending an operator's license for refusal to submit to the police officer's request for a blood test pursuant to Section 1547 of the Code. *Department of Transportation v. Murdock,* 99 Pa. Commonwealth Ct. 55, 512 A.2d 100 (1986); *Department of Transportation, Bureau of Traffic Safety v. Emory,* 91 Pa. Commonwealth Ct. 580, 498 A.2d 26 (1985). However, Mr. Smith counter-argues that the Department was not prejudiced by the refusal because he was ultimately placed in an Accelerated Rehabilitation Disposition Program for his March 9, 1986 DUI offense. Successful prosecution of a licensee will not absolve the licensee from the mandatory suspension provisions of Section 1547 of the Code. *Emory.* License suspension proceedings are civil in nature, and are separate and apart from the criminal proceedings. *Id.* Therefore, Mr. Smith's refusal to submit to the officer's request for a blood test mandates suspension of his license pursuant to Section 1547 of the Code.

Mr. Smith also counter-argues that his license should not be suspended because the Department failed to sustain its burden of proving that adequate warnings were provided to him as to the consequences of his refusal. This argument was not raised before the trial court; therefore, pursuant to Pa. R.A.P. 302, we are precluded from considering it on appeal.

Accordingly, for the reasons set forth herein, we must conclude that the trial court erred as a matter of law in sustaining Mr. Smith's appeal. Therefore, we will reverse its determination.

## ORDER

AND NOW, this 16th day of March, 1988, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and suspension is reinstated.