## Commonwealth v. Potcher

*Elmer D. Christine Jr., assistant district attorney,* for the commonwealth.
*John C. Prevoznik,* for defendants.

O'BRIEN, *J.,* August 11, 1988—

## FINDINGS OF FACT

(1) In the early morning hours of March 26, 1988, defendant was arrested for driving under the influence of alcohol.

(2) At approximately 3:50 a.m. on March 26, 1988, with the consent of defendant, a vial of blood was drawn at the Pocono Hospital in East Stroudsburg, Monroe County, Pa. by a technician and immediately delivered to the arresting officer.

(3) The arresting officer placed the vial, which contained the preservative sodium fluoride, in his police locker at the East Stroudsburg Police Headquarters at approximately 4:30 a.m. the same morning. The vial of blood was not refrigerated while at the East Stroudsburg Police Headquarters.

(4) At approximately 9:22 a.m. on March 28, 1988, the vial of blood was delivered by an officer of the East Stroudsburg Police Department to the State Police Crime Laboratory at Wyoming, Pa. The vial was then placed in a refrigerator.

(5) On March 30, 1988, a duly qualified criminalist employed by the Pennsylvania State Police performed a gas chromatography analysis of the blood and determined that its alcohol content was .23 percent.

(6) Experiments conducted by duly qualified toxicologists and forensic scientists have disclosed blood samples preserved by sodium fluoride for several weeks were found not to have any change in their alcoholic content.

(7) The forensic scientist who performed the analysis of the blood vial taken from defendant did not observe any chemical breakdown of the blood at the time of his analysis and expressed the opinion that the alcoholic content of the blood had not

changed from the time it was taken from defendant until the time of his analysis.

(8) The delay from 3:50 a.m. on March 26, 1988 until March 30, 1988 in performing the gas chromatography test on the blood sample to determine the level of alcohol present did not interfere with the accuracy of the test.

## DISCUSSION

The sole issue raised in this proceeding is whether or not a delay from March 26, 1988 until March 30, 1988 constituted "excessive time lapse between collection and examination" so as to preclude the admission into evidence at trial of the blood test results. Defendant cites 28 Pa. Code §5.44(a) and 75 Pa.C.S. §3755(a) as authority for the proposition that defendant's blood sample cannot be admitted into evidence.

Section 5.44(a) of the Pennsylvania Code states:

"No specimen shall be examined if unsuitable for testing because of improper collection, improper preservation, apparent spoilage, excessive time lapse between collection and examination, when, applicable, or other reason sufficient to render the findings of doubtful validity."

The above code provision simply states that specimens are unsuitable for testing due to an excessive time lapse between collection and examination. Nowhere does this provision suggest what length of time contitutes such "excessive time lapse." Defense counsel, citing 75 Pa.C.S. §3755(a) suggests that 24 hours is a suitable period of time.

Section 3755(a) provides:

"If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved motor

vehicle requires medical treatment in an emergency room of a hospital and if probable cause exists to believe a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) was involved, the emergency room physician or his designee shall promptly take blood samples from those persons and transmit them within 24 hours for testing to the Department of Health or a clinical laboratory licensed and approved by the Department of Health and specifically designated for this purpose. This section shall be applicable to all injured occupants who were capable of motor vehicle operation if the operator or person in actual physical control of the movement of the motor vehicle cannot be determined. Test results shall be released upon request of the person tested, his attorney, his physician or governmental officials or agencies."

The Commonwealth Court in *Commonwealth, Department of Transportation, v. Emory,* 91 Pa. Commw. 580, 498 A.2d 26 (1985) held that section 3755 imposes an affirmative duty upon *emergency room personnel* treating victims of vehicular accident to comply with requests to obtain blood samples from such victims where such requests are made by police officers who have probable cause to believe that the person who operated the vehicle was in violation of section 3731 of the code. (emphasis supplied) The statute has no bearing upon police. Since, in the case at bar, hospital personnel delivered defendant's blood sample without delay to the arresting officer, section 3755 is not relevant. Our Superior Court, following this same rationale, held the results of a blood test were admissible in *Commonwealth v. Brozik,* 364 Pa. Super. 80, 527 A.2d 161 (1987).

The issue presented for resolution in this case is the factual one of whether the delay in question af-

fected the analysis of the alcoholic content in defendant's blood sample. The commonwealth presented the expert testimony of an experienced criminalist who holds his master's degree in biochemistry and has spent 17 years as a forensic scientist. The unequivocal testimony of the forensic scientist was that the delay in analysis had no bearing on the outcome of the test. The defense did not present any contrary evidence. We find the commonwealth's expert's testimony to be credible and amply supported by his experience and the reasons given for his conclusion.

## CONCLUSIONS OF LAW

(1) Section 3755 of the Motor Vehicle Code requiring emergency room personnel to transmit blood samples of persons operating motor vehicles believed to be in violation of section 3731, within 24 hours does not apply to police officers.

(2) The delay in question did not constitute an "excessive time lapse between collection and examination" so as to preclude the admission to evidence at trial of the blood test results.

## ORDER

And now, this August 11, 1988, defendant's omnibus pretrial motion is denied.