556 A.2d 12

Kevin W. Lane, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs December 20, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Barbara Jo Entwistle, Pyle and Entwistle,* for appellant.

*Donald J. Smith,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, March 16, 1989:

Kevin W. Lane (Appellant) appeals from an order of the Court of Common Pleas of Adams County dismissing his appeal of a one year suspension of his operator's license, for refusing to submit to a breath test, pursuant to section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). We affirm.

Appellant was arrested for driving under the influence of alcohol (DUI) by State Trooper Graham. At the state police barracks, Trooper Graham requested that Appellant submit to a breath test and explained to Appellant the consequences of failing to submit to the test. Appellant refused to take the test. Trooper Graham then processed Appellant and released Appellant to his mother. Appellant and his mother left the police barracks. Approximately 20 minutes later, Appellant and his mother came back into the barracks, and Appellant asked Trooper Graham to let him take a breath test. Trooper Graham responded:

> I told him I would be willing to let him take an Intoxilyzer test to satisfy his curiosity but that the test would not be a legal test. It would have nothing to do with his refusal and that I would not use the results against him in Court again because it was not a legal test and had nothing to do with his actual incident.

N.T. at 8. Appellant testified that prior to administering the test Trooper Graham informed him that taking the test would not vitiate his prior refusal. N.T. at 15-16. Appellant was subsequently notified that his operator's license would be suspended for one year because of his refusal.

Appellant testified that as a result of the DUI charge he was admitted into the Accelerated Rehabilitation Disposition (ARD) program and his license was suspended for four months. N.T. at 13. Appellant also testified that, at Appellant's attorney's request, Trooper Graham testified as to the results of the breath test at the preliminary hearing on Appellant's DUI charge.[1] N.T. at 16. The results were used to Appellant's advantage in the ARD program to determine how long his license would be suspended as a result of the DUI charge.

Appellant appealed the suspension of his license to the trial court, which denied the appeal and affirmed the suspension. On appeal to this court,[2] Appellant contends

---

[1] Apparently, the test result, in combination with his participation in the ARD program, permitted Appellant to receive a shorter license suspension for DUI under Adams County's ARD guidelines. *See Department of Transportation v. Lane* (No. 88-S-476, filed September 6, 1988), slip op. at 2. The DUI charge against Appellant was pursuant to 75 Pa. C. S. §3731(a)(1) ("under the influence of alcohol to a degree which renders the person incapable of safe driving") and not 75 Pa. C. S. §3731(a)(4) ("the amount of alcohol by weight in the blood of the person is 0.10% or greater").

[2] Our scope of review is limited to a determination of whether the findings of fact are supported by competent evidence, errors of

that the trial court erred in finding that Appellant's conduct constituted a refusal within the meaning of section 1547(b)(1).

Whether or not a licensee has refused to submit to a breath test is a question of fact. *Department of Transportation, Bureau of Traffic Safety v. Krishak*, 91 Pa. Commonwealth Ct. 307, 496 A.2d 1356 (1985). Appellant acknowledges that anything short of an unqualified, unequivocal assent constitutes a refusal to take a breath test, *Miele v. Commonwealth*, 75 Pa. Commonwealth Ct. 130, 461 A.2d 359 (1983), and that a licensee's refusal to submit to the test is not vitiated by the licensee's subsequent request to take the test. *Cunningham v. Department of Transportation*, 105 Pa. Commonwealth Ct. 501, 525 A.2d 9 (1987). Appellant asserts that his conduct, after Trooper Graham's request that he submit to a breath test, does not constitute a refusal because a breath test was performed and the result admitted as evidence in the DUI proceedings.

Initially, we find no merit in Appellant's argument that the use of the test result in the DUI proceedings is pertinent to the issue of whether Appellant's conduct constituted a refusal to take the breath test. Appellant's argument is premised on the purpose of 75 Pa. C. S. §1547 set forth in *Commonwealth v. Tylwalk*, 258 Pa. Superior Ct. 506, 511, 393 A.2d 473, 475, (1978), as being "to facilitate the acquisition of chemical analyses and to permit their utilization in legal proceedings." However, the admission of the test result in the DUI proceedings against Appellant *was sought by Appellant's counsel*, not by the Commonwealth, and the evidence was used to

---

law have been committed or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth*, 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

Appellant's benefit. Trooper Graham *did not rely* on the test result to substantiate the charge of DUI made against Appellant. Additionally, this court has held that the use of a breath test result in an ARD program to determine the length of suspension for DUI has "no bearing on the civil suspension proceedings under section 1547." *Croissant.v. Commonwealth*, 114 Pa. Commonwealth Ct. 601, 605, 539 A.2d 492, 495 (1988).

Appellant argues that Trooper Graham's administration of the breath test after Appellant returned and asked to take the test acts to vitiate his refusal. This argument is based on the language in 75 Pa. C. S. §1547(b)(1) (emphasis added) stating: "If any person placed under arrest for a violation of section 3731 [DUI] is requested to submit to chemical testing and refuses to do so, *the testing shall not be conducted. . . .*" Appellant would have us interpret this language as requiring a previous refusal to be vitiated anytime subsequent testing has been performed.[3]

We decline to read such an implication into section 1547. This is consistent with this court's decisions that the submission to chemical testing performed by hospital personnel, *whether prior to or subsequent to* a refusal to submit to testing pursuant to a police officer's request, does not constitute compliance with section 1547 and

---

[3] The Pennsylvania Superior Court considered this statutory language in *Commonwealth v. Wege*, 368 Pa. Superior Ct. 181, 533 A.2d 776 (1987), *petition for allowance of appeal denied*, 519 Pa. 665, 548 A.2d 255 (1988), with respect to an attempt by a defendant in a DUI case to have the results of a blood alcohol test suppressed. In *Wege*, the defendant had twice refused to submit to a breath test but did submit on the third request. Based on the above-quoted statutory language, the defendant argued that it was improper to request him to submit to the test after his initial refusal, making the test result eventually obtained inadmissible. The Superior Court held that police are not prohibited by the language of 75 Pa. C. S. §1547(b)(1) from extending more than one request to submit to chemical testing.

prevent suspension of an operator's license for refusing to submit to chemical testing. *See Department of Transportation, Bureau of Driver Licensing v. Smith,* 114 Pa. Commonwealth Ct. 420, 539 A.2d 22 (1988); *Department of Transportation v. Murdock,* 99 Pa. Commonwealth Ct. 55, 512 A.2d 100 (1986).

As previously noted, whether a licensee has refused to submit to a breath test is a question of fact. Such a determination, therefore, depends on the circumstances of each case. It is conceivable that the administration of a breath test in response to a licensee's request to take the test after having previously refused will vitiate the refusal.[4] However, the record in this case provides substantial evidence to support the trial court's determination that Appellant refused to take the breath test and that his refusal was not vitiated.

Appellant acknowledges that the eventual administration of the breath test was done at his request. N.T. at 3. Trooper Graham testified that when Appellant returned "he asked if he could out of curiosity take an Intoxilyzer test just to see what his blood alcohol level was." N.T. at 8. Trooper Graham and Appellant both testified that Trooper Graham informed Appellant that the administration of the test would not affect Appellant's prior refusal. N.T. at 8, 15. This evidence supports the trial court's determination that Appellant refused to submit to the breath test. Trooper Graham's subsequent administration of the breath test, under the circumstances in this case, did not vitiate Appellant's refusal.

---

[4] In *Department of Transportation, Bureau of Traffic Safety v. Krishak,* 91 Pa. Commonwealth Ct. 307, 496 A.2d 1356 (1985), this court noted that a subsequent request to submit to a breath test made by the arresting officer after a refusal required a determination be made as to whether there was a refusal of the officer's subsequent request in order for the license suspension required by 42 Pa. C. S. §1754(b) to be proper.

Accordingly, we affirm.

ORDER

AND NOW, March 16, 1989, the order of the Court of Common Pleas of Adams County in the above-captioned case is affirmed.