## PennDOT v. Cole

*Kathryn Linn-Stephenson, deputy attorney general,* for the commonwealth.

*Dennis G. Kuftic,* for defendant.

JOYCE, *J.,* February 28, 1990 — This matter is before the court as a result of defendant's appeal of the suspension of his driver's license for refusal to submit to a blood test. Defendant contends that his refusal was vitiated when the arresting officer obtained a blood test without defendant's permission in violation of 75 Pa.C.S. §1547(b).

Novel as defendant's argument may be, this court is in agreement with the Commonwealth Court's decision in *Lane v. Dept. of Transportation,* 124 Pa. Commw. 246, 556 A.2d 12 (1989). There, the appellant also relied on the language of section 1547(b)(1) which states that "testing shall not be conducted . . . " claiming that any subsequent test vitiates a previous refusal. As the Commonwealth Court has consistently held, "submission to chemical testing performed by hospital personnel, whether prior to or subsequent to a refusal . . . does not constitute compliance with section 1547 . . . " *Lane* at 250, 556 A.2d at 14.

Furthermore, the court in *Dept. of Transportation v. Emory,* 91 Pa. Commw. 580, 498 A.2d 26 (1985), found that blood testing performed pursuant to section 3755 does not bar suspension of an operator's license for failure to comply with section 1547. Section 3755 places an affirmative duty on emergency room personnel in treating victims of vehicular accidents to obtain blood samples when requested by a police officer who has determined that probable cause exists to

believe that the operator of the vehicle was in violation of section 3731. *Emory* at 583, 498 A.2d at 28.

The uncontroverted evidence in the case clearly demonstrates that: (1) appellant was in the emergency room to seek treatment for injuries sustained in a vehicle accident, (2) the defendant unequivocally refused to submit to a blood test, (3) the arresting officer had sufficient probable cause to suspect appellant of operating his vehicle in violation of section 3731, and (4) the hospital personnel were required by law to obtain a blood test at the direction of the police officer. Therefore, the fact that a blood test was taken pursuant to section 3755 subsequent to appellant's refusal does not negate the refusal for purposes of section 1547.

Additionally, the issue as to whether a refusal exists is a question of fact, the circumstances of this case clearly support the conclusion that defendant in fact *refused* the test within the meaning of section 1547. Defendant's combative nature, consisting of spitting in the officer's face and his refusal to sign the form, clearly delineates his position with respect to taking the test. Defendant did nothing further to suggest that he wished to retract his refusal nor waive it. Consequently, this court finds no evidence which would vitiate defendant's refusal.

## ORDER

And now, February 28, 1990, it is hereby ordered and decreed that defendant's appeal from suspension of his driver's license is dismissed.