Diana PODGURSKI, Appellant,

v.

COMMONWEALTH OF PENNSYLVA-
NIA, DEPARTMENT OF TRANSPOR-
TATION, BUREAU OF DRIVER LI-
CENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 1994.

Decided Jan. 27, 1995.

Philip D. Lauer, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Diana Podgurski appeals an order of the Court of Common Pleas of Northampton County denying her statutory appeal of a one year suspension of her driver's license imposed by the Department of Transportation (DOT) under Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b),[1] for refusing to submit to chemical testing.

The relevant facts are as follows: On July 31, 1993, Podgurski drove her vehicle head on into a telephone pole. Thereafter, Officer Thomas Miller of the Bethlehem police department arrived at the accident scene, approached Podgurski's vehicle and detected an "overwhelming" odor of alcohol about Podgurski's person. Podgurski admitted to him that she had been drinking. Because Podgurski appeared to have been injured, she was transported by ambulance to a nearby hospital, and while en route Officer Miller radioed the ambulance and asked that a sample of Podgurski's blood be taken when she arrived at the hospital. A sample of Podgurski's blood was, in fact, drawn by the hospital although neither Podgurski nor Officer Mil-

---

1. Section 1547 of the Vehicle Code, known as the Implied Consent Law, reads in pertinent part:

(a) **General rule**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle ... shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood....

....

(b) **Suspension for refusal**—

(1) If any person placed under arrest for a violation of Section 3731 (relating to driving under the influence of alcohol or controlled substance) [75 Pa.C.S. § 3731] is requested to submit to chemical testing and refuses to do so, ... the department shall suspend the operating privilege of the person for a period of twelve months.

ler were aware of that fact at the time. After Officer Miller arrived at the hospital, he asked Podgurski to submit to a blood alcohol test and he informed her of the implied consent warnings, paraphrasing the language used on DOT's DL–26 form. In his explanation he told Podgurski, *inter alia,* that her driver's license would be suspended if she refused the test, but he did not state that the suspension would be for one year. Nevertheless, Podgurski refused to submit to the test. Officer Miller reported to DOT that Podgurski refused to submit to chemical testing and, thereafter, DOT suspended her driver's license for one year.

Podgurski appealed her suspension to the common pleas court. A hearing was held and Podgurski raised two arguments in support of her appeal: first, the implied consent warning was incomplete because Officer Miller only told her that she would be subject to a license suspension if she refused the test and he never specifically informed her that the suspension would be for one year; and second, she did not refuse Officer Miller's request for a blood test because she had already provided a blood sample. At the hearing, DOT asserted that the hospital drew the sample of Podgurski's blood under the authority of Section 3755 of the Code, 75 Pa.C.S. § 3755,[2] not under the authority of Section 1547, and further, relying on the case law authority of *Department of Transportation, Bureau of Traffic Safety v. Emory,* 91 Pa.Commonwealth Ct. 580, 498 A.2d 26 (1985), argued that the suspension was proper *even if* the hospital had previously taken a blood sample.

The common pleas court determined that the implied consent warning given to Podgurski was adequate and, relying upon *Emory,* held that the suspension of Podgurski's driving privilege was proper, regardless of the fact that a sample of her blood had already been taken by the hospital under Section 3755 prior to Officer Miller's request

to submit to a blood test under Section 1547. This appeal followed.

■ Podgurski contends that the implied consent warnings provided by Officer Miller were inadequate because he did not inform her of the length of time her license would be suspended. This Court has held, however, that while a police officer has a duty under Section 1547(b)(2) of the Code to inform a motorist that refusal of the chemical testing will result in a suspension, the officer is not required to state the exact length of the suspension. *Department of Transportation, Bureau of Driver Licensing v. Olenick,* 115 Pa.Commonwealth Ct. 559, 540 A.2d 993 (1988) (officer's erroneous statement to a motorist that his license would be suspended for six months upon refusal of chemical testing was harmless error). Because it is undisputed in this case that Officer Miller told Podgurski that her operating privilege would be suspended if she refused the blood test, the warning was adequate, even though he never specifically told her that the suspension would be for one year.

Next, Podgurski contends that she did not refuse Officer Miller's request for a blood test, since she had already provided a blood sample.

We held in *Emory* that the withdrawal of a blood sample under the authority of Section 3755 of the Code, does not preclude DOT from suspending a motorist's operating privileges for refusing a subsequent request for a blood test under Section 1547 of the Code. In *Emory,* a motorist, who was involved in a one car accident, was transported to a hospital emergency room where medical personnel extracted a sample of his blood under the authority of Section 3755 of the Code. Thereafter, a police officer arrested him for driving under the influence and requested a blood test in accordance with Section 1547 of the Code. The motorist refused the test and DOT suspended his license. The motorist

---

**2.** Section 3755 of the Code provides, in relevant part, as follows:

(a) **General rule**—If, as a result of a motor vehicle accident, the person who drove, operated or was in actual physical control of the movement of any involved motor vehicle requires medical treatment in an emergency

room of a hospital and if probable cause exists to believe a violation of 3731 (relating to driving under influence of alcohol or controlled substance) was involved, the emergency room physician shall promptly take blood samples from those persons and transmit them within 24 hours for testing....

appealed his suspension to a common pleas court which sustained his appeal and ordered the reinstatement of his driver's license. The common pleas court held that once a blood sample was drawn from the motorist under Section 3755, DOT could not then suspend the motorist's license for refusing a police officer's request for a blood test under Section 1547. On appeal, we reversed the common pleas court, reasoning as follows:

> In the instant case, there is no record evidence that Appellee refused the officer's request for a blood test because a blood sample already had been taken nor is there any record evidence that when the officer requested the test the officer knew or had reason to know that a blood sample for the purpose of testing the alcoholic content thereof had already been taken. *Finally, even if the arresting officer had been aware that a blood sample had been obtained for that purpose, the specific statutory language in Section 1547(a) [pertaining to the deemed consent of a motorist to chemical testing] would not, per se, prohibit the officer from requesting another test.* (Emphasis added.)

*Emory,* 91 Pa.Commonwealth Ct. at 585–86, 498 A.2d at 29.

■ The record here clearly shows that Podgurski refused Officer Miller's request for a blood sample. Under *Emory,* Officer Miller was not prohibited from requesting that Podgurski submit to a blood test for purposes of Implied Consent Law, even though Podgurski's blood had been drawn pursuant to Section 3755 of the Code. Podgurski's argument that she did not "refuse" Officer Miller's request for a blood test under Section 1547 of the Code because she had previously provided a blood sample must fail as a matter of law. The instant case is factually similar to *Emory* in that Officer Miller testified that he was not aware that the Section 3755 blood sample had already been drawn when he asked Licensee to provide a blood sample under Section 1547(b) of the Code. Further, like *Emory,* nothing in

the record suggests that Licensee refused Officer Miller's request for a blood sample *because* a blood sample was previously taken by the hospital.[3]

Podgurski also contends, citing *Department of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa.Commonwealth Ct. 303, 535 A.2d 296 (1988), that she did not refuse the blood test because she did submit to a valid chemical test and was then asked by Officer Miller to submit to a second test without a reasonable basis. In *Penich* we held that, once a motorist submits to a chemical test for purposes of Section 1547 of the Code, the police must have reasonable grounds for requesting the motorist to submit to a second test. Unlike *Penich,* however, Podgurski here was asked to submit to only one test *for purposes of Section 1547 of the Code. Penich* only applies where a motorist completes one chemical test for purposes of Section 1547 of the Code and the police request a second test under the same section of the Code. Therefore, this argument is without merit.

Accordingly, the common pleas court's order is affirmed.

### ORDER

NOW, January 27, 1995, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent. I disagree with the majority's holding that the implied consent warnings provided by Officer Miller to Podgurski were adequate. I believe that Officer Miller's omission from the implied consent warning given to Podgurski that her license would be suspended for a period of one year upon refusal of chemical testing is not harmless error.

The length of time that a licensee's operating privileges are to be suspended for a refusal to submit to chemical testing is an

---

**3.** Podgurski testified that she did not remember anything "about the first half an hour to an hour" after she was admitted to the hospital, which would include the time the blood test was

taken by the hospital staff and the conversation with Officer Miller regarding his request for a blood test.

essential element in order for the licensee to make an informed refusal. I find our Supreme Court's recent holding in *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994) instructive.

In *Ingram*, our Supreme Court set forth exactly what was required for a proper warning in accordance with its previous decision in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). The Supreme Court specifically held that

> a proper O'Connell warning must include the following information: first, a motorist must be informed that his driving privileges will be suspended *for one year* if he refuses chemical testing; second, the motorist must be informed that his Miranda rights do not apply to chemical testing. This is by no means a mantra that the police must recite like automatons. The subject matter, however, should be covered in warnings issued by the police.

*Id.*, 538 Pa. at ——, 648 A.2d at 294. (Emphasis added, footnotes omitted.)

I recognize that *Ingram* did not involve the specific issue of whether a failure by the police to inform a licensee of the length of the suspension for a refusal to submit to chemical testing rendered the implied consent warning inadequate. However, the Supreme Court's inclusion of the length of time in its holding, stating the proper *O'Connell* warning indicates that the length of the suspension is an essential element of an implied consent warning and the police must inform a licensee of the length of the suspension when providing a licensee with the required implied consent warning.

For these reasons, I would reverse the trial court and reinstate Podgurski's operating privileges.