Lois CALVO, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 14, 1998.

Decided Sept. 15, 1998.

Salvatore P.J. Vito, Stroudsburg, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

---

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether a licensee's appeal from a trial court is time barred when the appeal was not received by the appellate court until thirty-two days after the order of the trial court.

Lois Calvo appeals from the order of the Court of Common Pleas of Monroe County that dismissed Calvo's statutory appeal from a one-year suspension of her operating privilege by the Department of Transportation (DOT), in compliance with 75 Pa.C.S. § 1547(b)(1).[1] We quash the appeal and reinstate DOT's suspension of Calvo's operating privilege.

The facts are summarized as follows. On January 19, 1997, Barrett Township Police Officer Edward Florentino was dispatched to the scene of a one-vehicle crash. When he arrived at the scene, Officer Florentino observed a vehicle on its roof, lying approximately sixty feet from the roadway. Officer Florentino observed Calvo near the overturned vehicle and asked her if anyone was in the car with her. Calvo replied that there was no one. Noticing that Calvo staggered when she walked and that her speech was slurred, Officer Florentino asked Calvo to perform a field sobriety test. After attempting the test twice, Calvo stopped, telling the officer that she could not perform the test. At that time, Officer Florentino placed Calvo under arrest for driving under the influence (DUI).[2] During a search of Calvo for weapons, Officer Florentino discovered a brass marijuana pipe containing marijuana residue.

Officer Florentino transported Calvo to the Monroe County DUI Processing Center at which time she was read the Implied Consent Law[3] and O'Connell[4] warnings from a number of forms, including DOT's DL–26 form. Calvo was then asked to submit to a chemical test of her blood to which she refused. Officer Florentino notified DOT of Calvo's refusal.

By official notice, mailed May 5, 1997, DOT notified Calvo that, as a consequence of her reported refusal to submit to chemical testing that her operating privilege was being suspended for one year pursuant to 75 Pa. C.S. § 1547(b)(i). Calvo filed a statutory appeal to the trial court.

At the de novo hearing, Officer Florentino appeared and testified to the events surrounding Calvo's DUI arrest and blood test refusal. Calvo testified on her own behalf and stated that she had only a vague recollection of what occurred after the crash and did not recall any conversation with Officer Florentino. Calvo remembered being at the DUI center but professed that she did not know that she had refused the blood test. Calvo stated that she did not know whether or not she was alone in the vehicle on the night in question.

Following the hearing, the trial court issued an opinion finding that at the scene of the one-vehicle accident, Calvo was the only person present and that she told Officer Florentino that there was no one else in the vehicle with her. The trial court also found that based on Officer Florentino's observation of Calvo that he had "reasonable grounds" to believe that Calvo had been operating the vehicle while under the influence. Officer Florentino properly requested Calvo

---

1. Under Section 1547(b)(1) of the Vehicle Code, properly known as the "Implied Consent Law," DOT is required to suspend for one year the operating privilege of any person whom a police officer reports has refused to submit to chemical testing. *Commonwealth v. Eisenhart*, 531 Pa. 103, 611 A.2d 681 (1992).

2. 75 Pa.C.S. § 3731(a) relates to driving under the influence of alcohol and/or a controlled substance.

3. 75 Pa.C.S. § 1547(b)(ii) relates to the requirement that a police officer warn a licensee who

has been arrested for DUI and asked to submit to a chemical test, that the operating privilege will be suspended if chemical testing is refused.

4. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), relates to the requirement that police officers, in certain circumstances, inform licensees who are arrested for DUI and asked to submit to a chemical test, that *Miranda* rights do not apply to chemical testing under the Implied Consent Law.

to submit to chemical testing which she refused. The trial court further found that Calvo made a knowing and conscious decision to refuse testing. The trial court's order and accompanying opinion was dated August 22, 1997.

On Monday, September 22, 1997, thirty-one days after the order was filed, Calvo mailed a petition for review to this Court, by which she purported to appeal the trial court's decision of August 22, 1997. That petition was received by Commonwealth Court on Wednesday, September 24, 1997. By order dated September 25, 1997, this Court dismissed Calvo's petition for review as untimely filed. On October 22, 1997, this Court vacated its September 25, 1997 order, and directed the parties to brief the issue of timeliness of Calvo's appeal from the trial court's August 22, 1997 order. The merits of Calvo's appeal, as well as the issue of timeliness, are currently before this Court.

Calvo contends that her appeal was timely and that she followed the procedures set forth in Pa. R.A.P. 1512 and 1514, which specifically allow a party to perfect an appeal by petition for review that is mailed to Commonwealth Court through the United States Postal Service, which is accompanied by proof of mailing by postal form 3817. However, Calvo's reliance upon Pa. R.A.P. 1512 and 1514 is misplaced because Pa. R.A.P. 1512 and 1514 concern judicial review of governmental determinations under 42 Pa.C.S. § 763, and not appeals from courts of common pleas.

This Court has jurisdiction over appeals from the various courts of common pleas by virtue of 42 Pa.C.S. § 762. Appeals from decisions of courts of common pleas are commenced by filing of a notice of appeal with the Prothonotary of the common pleas court within thirty days of the filing of the order from which it is being appealed. Pa. R.A.P. 902 and 903(a). Rule 902 provides:

**Rule 902. Manner of taking appeal.**

An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellee to take any step

other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Under Pa. R.A.P. 902 and 905(a), an appeal from a decision of a court of common pleas is commenced with the filing of two copies of the notice of appeal, along with a copy of a request for transcript, if any, and proof of service. These documents are to be filed with the clerk or prothonotary of the trial court, within the time specified in Pa. R.A.P. 903(a). Pa. R.A.P. 903(a) states that "[e]xcept as otherwise provided by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within thirty days after the entry of the order from which the appeal is taken."

As a result the petition for review which this Court received on Wednesday, September 24, 1997, which could be treated as a notice of appeal, was not timely filed. Chapter 9 of the Rules of Appellate Procedure does not permit a party to preserve the filing date of a notice of appeal by sending the appeal notice by first class mail and providing a postal service form 3817 as proof of mailing. As a result, a notice of appeal is not filed until received by the clerk of this Court and not on the date it was mailed. Because Calvo's appeal was not timely filed pursuant to Pa. R.A.P. 902, 903(a) and 905(a), this Court is without jurisdiction to entertain the merits of Calvo's appeal.

Chapter 15 of the Rules of Appellate Procedure governs appeals taken to this Court under 42 Pa.C.S. § 763 from final orders of Commonwealth agencies. Its provisions do not apply to appeals taken from final orders of courts of common pleas. While a party may utilize the date of mailing as a filing date for petitions for review, Pa. R.A.P. 1514(a), there is no like provision under Chapter 9 of the Rules of Appellate Procedure, which govern appeals taken from final orders of courts of common pleas. To allow Calvo's appeal to proceed as timely, would

allow parties to circumvent the filing requirements of Chapter 9 of the Rules of Appellate Procedure. Therefore, Calvo's appeal is untimely.[5]

Accordingly, we quash Calvo's appeal as untimely filed.

### ORDER

AND NOW, this 15th day of September, 1998, the order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby quashed.

FLAHERTY, J., concurs in the result only.

5. Even if this Court had determined that Calvo's appeal was timely, substantial evidence supports the trial court's finding that Officer Florentino had "reasonable grounds" to arrest Calvo for DUI and that Calvo made a knowing refusal of his request for chemical testing.