# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jay Huff,                    :

             Appellant       :

                                :

           v.               :    No. 911 C.D. 2023

                                :    SUBMITTED: December 9, 2024

Commonwealth of Pennsylvania,     :

Department of Transportation,       :

Bureau of Driver Licensing         :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: January 9, 2025**

Appellant Jay Huff, proceeding *pro se*, appeals from the order of the Court of Common Pleas of Northumberland County denying his statutory appeal from a one-year suspension of his motor vehicle operating privilege imposed by Appellee, Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing. However, because the appeal is untimely, we must quash for lack of jurisdiction.

The Department imposed the suspension pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i),[1] as a consequence of

---

[1] Section 1547(b)(1)(i) provides as a general rule that "[i]f any person placed under arrest for a violation of [S]ection 3802 [(75 Pa.C.S. § 3802)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the

**(Footnote continued on next page…)**

Appellant's reported refusal to submit to chemical testing in connection with his arrest for violating 75 Pa.C.S. § 3802 [relating to driving under the influence (DUI) of alcohol or controlled substance]. On May 30, 2023, the trial court held a hearing *de novo*, at which the Department presented its case that Appellant had been placed under arrest for DUI and refused to submit to chemical testing. Appellant testified that he was on "injections . . . [o]f testosterone" which caused him to be "[v]ery much" uncomfortable that night and denied that he had been drinking or partaking in illegal substances. Notes of Testimony "N.T." at 23.

At the conclusion of the hearing, the trial court stated that it agreed with the Department's arguments and statements of the law, found that Appellant had refused chemical testing, and concluded that he had not provided a reason that would excuse him from testing. N.T. at 29-30. On May 30, 2023, the trial court entered an order denying Appellant's statutory appeal. On July 7, 2023, 38 days later, Appellant filed an appeal with the Superior Court. After the matter was transferred to this Court, we issued a memorandum and order which, noting that the notice of appeal was filed more than 30 days after the entry of the order from which appeal was taken, directed the parties to address whether said notice of appeal was untimely in their briefs on the merits or in an appropriate application for relief. *See* Mem. and Order, *Huff v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 911 C.D. 2023, filed Nov. 8, 2023).

We do not reach the merits of Appellant's arguments. Rule 902 of the Pennsylvania Rules of Appellate Procedure provides that "[a]n appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a

---

department shall suspend the operating privilege of the person . . . for a period of 12 months." 75 Pa.C.S. § 1547(b)(1)(i).

notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal)."[2] Pa. R.A.P. 902. Rule 903(a) provides that a notice of appeal must be filed within 30 days after the entry of the order from which appeal is taken. Pa. R.A.P. 903(a). When an appeal is not timely filed pursuant to Rules 902 and 903(a), the Court is without jurisdiction to entertain the merits of the appeal. *Calvo v. Dep't of Transp., Bureau of Driver Licensing*, 717 A.2d 1102, 1104 (Pa. Cmwlth. 1998).

Further, Appellant's brief does not address whether the filing was untimely, as the parties were directed to do, nor does it advance an argument that *nunc pro tunc* relief is merited in this case. Thus, any such argument is waived. *See Com. v. Johnson*, 985 A2d 915, 924 (Pa. 2009) ("where an appellate brief . . . fails to develop [an] issue[] in any meaningful fashion capable of review, that claim is waived").

In light of the foregoing, we quash Appellant's appeal.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

[2] The right to an appeal is set forth in Section 1550(a) of the Vehicle Code, which states that "[a]ny person . . . whose operating privilege has been . . . suspended . . . by the [D]epartment shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 75 Pa.C.S. § 1550(a). Jurisdiction over appeals from Commonwealth agencies which may be taken from the courts of common pleas resides in this Court. Section 762(a)(3) of the Judicial Code, 42 Pa.C.S. § 762(a)(3).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jay Huff,                                          :
                  Appellant          :
                                :
           v.                                :   No.  911 C.D. 2023
                                :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :
Bureau of Driver Licensing             :

## O R D E R

AND NOW, this 9th day of January, 2025, the appeal of Appellant Jay Huff from the order of the Court of Common Pleas of Northumberland County is QUASHED.

 

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita