533 A.2d 776

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey T. WEGE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1987.

Filed Nov. 20, 1987.

Samuel K. Gates, Hanover, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, for Com., appellee.

Before CAVANAUGH, ROWLEY and HESTER, JJ.

HESTER, Judge:

This appeal from the judgment of sentence involves a single issue: whether the trial court erred in refusing to suppress the results of a breathalyzer test. For the reasons which follow, we conclude that the trial court did not err, and affirm.

The record reveals that appellant, Jeffrey Wege, was arrested for driving under the influence of alcohol on October 26, 1986.[1] He entered a plea of guilty on December 30, 1986, which he successfully withdrew on March 2, 1987. Thereafter, on May 29, 1987, the trial court denied appellant's pretrial motion to suppress, and appellant entered a plea of nolo contendere on July 6, 1987. The court sentenced appellant to a term of incarceration of thirty days to twenty-three months, plus the payment of fines and costs. This appeal followed.

The facts of the case are as follows. On October 26, 1986, Officer Ricky Williams of the Littletown Borough Police, observed appellant driving, at 1:25 a.m., at approximately five miles per hour. When appellant crossed over the center line several times, Officer Williams put on his flasher and stopped appellant's vehicle. Appellant attempted to perform several field sobriety tests, but failed. The officer noticed that appellant's eyes were bloodshot, his speech was slurred, and he had an odor of alcohol on his breath. Appellant was arrested and taken to the Gettysburg Police Station where police administered *Miranda*

---

1. Appellant's arrest occurred while on ARD probation for drunk driving. However, appellant never informed his probation officer of this second arrest, and he was released from ARD. For that reason, the Commonwealth did not seek revocation of ARD. Notes of Testimony, 12/30/86, at 2, 6–7.

warnings and requested appellant to submit to a breathalyzer test. Appellant twice refused, but on the third request, submitted to the test. The test indicated that appellant's blood alcohol level was .26 percent.

Appellant argued in his pretrial motion to suppress, and argues now, that inasmuch as 75 Pa.C.S. § 1547(b) provides that chemical testing shall not be conducted upon a refusal to submit to such testing, the police improperly requested appellant to submit to the breathalyzer after his initial refusal. He thus asserts that the trial court should have suppressed the results of the breathalyzer exam. We do not agree.

Section 1547(b)(1) provides:

**(b) Suspension for refusal.—**

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

Appellant does not allege that he was coerced into taking the test. He simply contends that once a test is refused, the police are prohibited, by the language of 75 Pa.C.S. § 1547(b)(1), from making a subsequent request.

We have stated that the purpose of the above provision and prior enactments is "to facilitate the acquisition of chemical analyses and to permit their utilization in legal proceedings." *Commonwealth v. Tylwalk*, 258 Pa.Super. 506, 511, 393 A.2d 473, 475 (1978). We do not believe appellant's interpretation of § 1547 is in keeping with such a purpose.

There is nothing in the statute that precludes an officer's discretion in allowing an accused to change his mind. Corporal Dennis Wright of the Gettysburg Police Department, who administered the breathalyzer, testified that it is the policy of his police department to give each person charged with driving under the influence three opportunities to take

a breathalyzer exam.[2] Such benevolence is certainly not required. Indeed, once an accused refuses to submit to chemical testing, a subsequent assent to the test need not be accepted. *E.g., In re Miller,* 79 Pa.Cmwlth. 648, 470 A.2d 213 (1984). Indeed, the *Miller* court quoted with approval the following language in the opinion of the trial court therein. "[P]olice officers are not required to spend effort either cajoling the defendant or ... waiting to see if the defendant will ultimately change his mind." *Id.* at 650, 470 A.2d at 214. That the Gettysburg police do more than they are required by law to do is to their credit.

Although we have found no cases addressing the precise issue in this case, there are many examples where police afforded an accused drunk driver more than one opportunity to assent to chemical testing. *See, e.g., Phillips v. Commonwealth,* 84 Pa.Cmwth. 217, 478 A.2d 958 (1984) (police offered accused three opportunities to take a breathalyzer test and one chance to submit to a blood test); *In re Weitzel,* 41 Pa.Cmwlth. 235, 400 A.2d 646 (1979) (police made four requests of accused to take breathalyzer exam).

We conclude that the police were not prohibited from extending appellant a second and third opportunity to submit to a breathalyzer test by the language of 75 Pa.C.S. § 1547(b)(1). Accordingly, the judgment of sentence is affirmed.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I respectfully dissent.

75 Pa.C.S.A. § 1547(b) requires that the police officer inform a person under arrest for driving under the influence that his operator's privileges will be suspended upon refusal to submit to the testing before he is subjected to the chemical testing. (Pa.C.S.A. § 1547(b)(2)). The defendant

---

**2.** The notes of testimony from the May 29, 1987 suppression hearing have not been transcribed. The trial court opinion issued in compliance with Pa.R.A.P. 1925 on August 26, 1987, sets forth Corporal Wright's testimony.

is thus faced with an informed choice. The law further requires that if the person under arrest is requested to submit to chemical testing and refuses to do so—"the testing shall not be conducted." I would read this statute's plain words to restrict the police efforts to have one already under arrest submit to chemical testing limited to a single request and refusal. I believe that repeated requests after a refusal would, under the circumstances, be far more likely interpreted as coercion rather than benevolence.