**PennDOT v. Strouse**

*Matthew Haeckler, assistant counsel,* for the Commonwealth.

*Craig P. Miller,* for appellant.

SAXTON, *J.,* February, 15, 1993—

## BACKGROUND

This is a license suspension appeal arising out of events which occurred on July 9, 1992. On that date, appellant, James Franklin Strouse, was arrested in the city of Lock Haven for driving under the influence. After the arrest, appellant was taken to Lock Haven Hospital where he was read a form regarding a request to perform a blood alcohol test. The form indicated that:

"You have been placed under arrest and charged with the operation of a motor vehicle while under the influence of intoxicating liquor and you are requested to submit to a test of your blood to determine intoxication.

"If you refuse to do so, the secretary will suspend your license or permit to operate a motor vehicle with or without a hearing. Your license will be suspended for at least one year. With probable cause the police officer has the right to obtain a search warrant for a sample of your blood.

"You have the right to have your own physician conduct a test of your breath, blood or urine, which test shall not interfere with the test conducted by us.

"The constitutional right you have as a criminal defendant, commonly known as the *Miranda* rights, including the right to speak with a lawyer and the right to remain silent, apply only to criminal prosecutions and do not apply to the chemical testing procedure under

Pennsylvania's Implied Consent Law, which is a civil, not criminal proceeding.

"You have no right to speak to a lawyer or anyone else before taking the chemical test requested by the police officer nor do you have a right to remain silent when asked by the police officer to submit to the chemical test. Unless you agree to submit to the test requested by the police officer, your conduct will be deemed to be a refusal and your operating privilege will be suspended for one year.

"Your refusal to submit to chemical testing under the Implied Consent Law may be introduced into evidence in a criminal prosecution for driving while under the influence of alcohol or a controlled substance.

"If your license or permit to operate a motor vehicle is suspended under the provisions of this Act, you shall have the right to appeal as provided for in cases of suspension for other reasons."

After this language, there is a signature line which appellant refused to sign. Below the signature line is another paragraph containing the *Miranda* rights, which the appellant also refused to acknowledge with his signature.

At the hearing, the police officer involved indicated that after appellant refused to sign the form he requested to speak with a lawyer. It was explained, again, that he did not have a right to do so. Ultimately, appellant refused to submit to a blood alcohol test and, pursuant to this refusal, appellant was notified by the Department of Transportation that his operating privileges would be suspended. Appellant subsequently filed the present appeal which is now ready for decision.[*]

---

[*] The court notes that, at the conclusion of the *de novo* hearing, briefs were ordered to be filed. Appellant's brief was timely filed; however, the Department of Transportation has neglected to file a brief. Accordingly, the court will consider only those arguments raised in appellant's brief.

## DISCUSSION

The gravamen of appellant's appeal centers on the content of the warnings given via the form in question. In license suspension appeals, the Commonwealth has the burden of showing that the driver: (1) was arrested for driving under the influence; (2) was asked to submit to a blood alcohol test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license. See *PennDOT v. O'Connell,* 521 Pa. 242, 552 A.2d 873 (1989). Once the Commonwealth meets its burden, it is the driver's responsibility to prove his refusal was not knowing and conscious. *Id.*

After reviewing the warning given to appellant in the case at bar, the court concludes the Commonwealth did not meet its burden. Appellant was not clearly warned that a refusal would result in a suspension of his driver's license.

The second paragraph of the form refers to a "secretary" who will suspend the person's driver's license "with or without a hearing." Presumably, this means the Secretary of the Department of Transportation. However, the statute authorizing suspension of a driver's license upon a refusal makes no mention of the word "secretary" and, in fact, states that "the *department* shall suspend the operating privilege...." 75 Pa.C.S §1547(b)(1). (emphasis added) Admittedly, this is a *de minimus* problem, yet it does affect the clarity of the warning. Furthermore, when coupled with the phrase "with or without a hearing," the sentence clearly fails to convey the consequences of refusing to submit to a blood alcohol test.

The court does not comprehend the reason for including the phrase "with or without a hearing" in the warning. The Vehicle Code provides that:

"It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." 75 Pa.C.S. §1547(b)(2).

There is no reference in the statute to any type of hearing.

However, if the word "hearing" is referring to a *de novo* hearing, then the sentence is patently incorrect, since it is possible that after a *de novo* hearing a person's suspension could be overturned. Since the nature of this "hearing" is not made clear, the court concludes that the warning insufficiently apprised appellant that his license would be suspended upon a refusal and it will, therefore, sustain the appeal.

Appellant has also raised an argument which, although not material to this decision, merits the court's attention. Appellant objects to the statement in the warning providing that "with probable cause, the police officer has the right to obtain a search warrant for a sample of your blood." In light of the recent decision in *Commonwealth of Pennsylvania v. Eisenhart,* 531 Pa. 103, 611 A.2d 681 (1992), the court believes that such a statement is not permissible.

In *Eisenhart,* the Pennsylvania Supreme Court held that there is an absolute statutory right to refuse to submit to blood alcohol testing, and any blood test results obtained in contravention of that right must be suppressed. *Eisenhart,* 531 Pa. at 106, 611 A.2d at 682. That decision was handed down on June 2, 1992, and defendant was arrested on July 9, 1992. Therefore, at the time of defendant's arrest, the police had no right to obtain a search warrant for a sample of defendant's blood. The Commonwealth is urged to amend its "warning form" accordingly.

## ORDER

And now, February 15, 1993, for the reasons set forth in the foregoing opinion, it is hereby ordered that the license suspension appeal of James Franklin Strouse is sustained.