COMMONWEALTH of Pennsylvania,
Appellant,

v.

James A. JAGGERS, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Jesse W. Hogg, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

James E. Burnett, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Tammy Barnes, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Thomas E. Renzo, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Robert Lance Price, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Nicolas Adam McLearn, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

William A. Gregory, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Charles Eric Carey, Appellee.

Commonwealth of Pennsylvania,

Appellant,

v.

Keith A. Hughes, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Tammy S. Barnes, Appellee.

Commonwealth of Pennsylvania,
Appellant,

v.

Roger L. Quinter, Appellee.

Superior Court of Pennsylvania.

Argued March 9, 2006.

Filed June 28, 2006.

34

Cynthia A. Orpen, Asst. Dist. Atty., Mercer, for Com., appellant.

Randall T. Hetrick, Mercer, for Jaggers, Hogg, Burnett, Barnes, Renzo, Price, McLearn, Carey, Hughes, Barnes and Quinter, appellees.

Ronald D. Amrhein, Jr., Sharon, for Gregory, appellee.

BEFORE: FORD ELLIOTT, P.J., JOYCE, MUSMANNO, ORIE MELVIN, TODD, KLEIN, BOWES, GANTMAN and PANELLA, JJ.

OPINION BY KLEIN, J.:

¶ 1 The defendants in this consolidated group of cases were arrested under the provisions of the new Pennsylvania Driv-

ing Under the Influence of Alcohol ("DUI") law[1] and refused to submit to chemical testing. The new DUI law significantly enhances penalties upon conviction for refusal to take a blood or breath test to determine the level of alcohol in his or her system, particularly for repeat offenders.[2] The defendants in this matter are all repeat offenders.

¶ 2 Pennsylvania's Implied Consent Law[3] provides that one who operates a vehicle in this Commonwealth is deemed to consent to such chemical testing.[4] The Implied Consent Law, in addition to requiring the arresting officer to advise the offender that his or her license will be suspended for failure to submit to testing, requires the officer to advise the offender that he will receive more severe penalties upon conviction if he refuses the test.[5] The purpose of the refusal provision is to provide "an incentive to induce a driver to submit to the test." *Commonwealth v. Eisenhart*, 531 Pa. 103, 611 A.2d 681, 683–684 (1992).[6]

¶ 3 Each of the instant defendants filed an omnibus pre-trial motion challenging the constitutionality of section 3804(c) and the warnings used by police to inform suspects of the enhanced penalties for refusing to submit to chemical testing. The trial court determined that while the statutory provisions passed constitutional

muster, the form used by police did not provide sufficient notice required by the Implied Consent Law. In accordance with this determination, the court ruled that any evidence of such refusals would be inadmissible at trial. The Commonwealth immediately appealed, challenging the court's substantive ruling and suppression order.

¶ 4 We agree with the lower court's determination that the refusal warnings used by police do not sufficiently describe the penalties faced for declining chemical testing. However, we find that the court erroneously deemed the evidence of such refusals inadmissible at trial. Thus, we affirm in part, reverse in part, and remand for trial.

## I. Warnings

¶ 5 We begin by noting that there is no general requirement that offenders have to be advised of all details of a law; rather, they are presumed to know the law. See 18 Pa.C.S. § 304, official comment ("Generally speaking, ignorance or mistake of law is no defense"). Any such requirement has to be provided by statute.

¶ 6 Of particular relevance here, the Implied Consent Law requires police to provide a clear and concise warning of the consequences of refusing an alcohol test.

---

1. 75 Pa.C.S. § 3801 *et seq.*

2. 75 Pa.C.S. § 3804.

3. 75 Pa.C.S. § 1547.

4. 75 Pa.C.S. § 1547(a).

5. 75 Pa.C.S. § 1547(b)(2). The Department of Transportation (PennDOT) has included the minimum jail term and minimum fine in the warnings set forth in its Form DL–26 that is provided to police departments for use in DUI arrests and chemical testing proceedings. The form states, *inter alia*, that by refusing the test, "you will be subject to the more severe

penalties set forth in Section 3804(c) of the Vehicle Code, which include a minimum of 72 hours in jail and a minimum fine of $1,000.00."

6. Although the Supreme Court in *Eisenhart* was addressing the previously enacted refusal provision, a refusal under the former provision only resulted in suspension of driving privileges and not increased criminal sanctions. *See id.* We discern no basis for treating the beefed-up refusal sanctions any differently.

Specifically, section 1547(b)(2)(ii) requires police to inform one arrested for DUI that "upon conviction, plea or adjudication of delinquency for violating section 3802(a), the person will be subject to the penalties provided in section 3804(c) (relating to penalties)."[7]

¶ 7 We believe that the distinguished trial judge, the Honorable John C. Reed, aptly noted a practical shortcoming of the notification requirement:

> A literal interpretation of subsection 1547(b)(2) would only require that the police officer quote the actual statutory language by stating, "[U]pon conviction, plea or adjudication of delinquency for violating subsection 3802(a), [you] will be subject to the penalties provided in subsection 3804(c)." Such information is virtually meaningless to anyone.

Trial Court Opinion, 12/30/04, at 18.

¶ 8 The problem is exacerbated by the warnings card used by police, PennDOT Form DL–26, which not only fails to explain the situation in plain English but also *distorts* the situation by implying a more *lenient* penalty than otherwise required for repeat offenders. The form states, *inter alia,* that by refusing the test, "you will be subject to the more severe penalties set forth in Section 3804(c) of the Vehicle Code, which include a minimum of 72 hours in jail and a minimum fine of $1,000.00." To anyone other than a first-time offender, this might actually *encour-age* refusal. Seventy-two hours in jail is less than the five-day minimum a second-time offender would receive or the ten days a third-time or subsequent offender would receive for a low alcohol level infraction (BAC between .08% and .10%). 75 Pa.C.S. § 3804(a). Likewise, 72 hours' incarceration is certainly more desirable than the respective 30 and 90 days that second-time and serial offenders would receive for a high alcohol level offense (BAC between .10% and .16%). 75 Pa.C.S. § 3804(b).[8]

¶ 9 Thus, this warning could very well lull a repeat offender into thinking that he would spend only 72 hours in jail for failing to consent to chemical testing, when in reality the sanction is far more severe. This is because, as noted, any motorist who refuses to take the test is presumed by statute to have the *highest* blood alcohol level, and thus subjects himself to the most severe sanctions:

> First offense—*not less than 72 hours'* incarceration and a fine of $1,000 to $5,000.
>
> Second offense—not less than 90 days' incarceration and a minimum fine of $1,500.
>
> Third or subsequent offense—not less than one year of incarceration and a minimum fine of $2500.

75 Pa.C.S. § 3804(c).

¶ 10 Nowhere, for instance, does the language point out to a third-time offender

---

7. Prior to the 2003 amendments, the Implied Consent Law merely required police "to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." 75 Pa.C.S. § 1547(b)(2) (repealed). The 2003 amendments, however, prescribed stiffer penalties for DUI, especially repeat offenders, and imputed the highest blood alcohol level to those who refused chemical testing. Accordingly, the new Implied Consent Law requires police to inform DUI suspects that refusing chemical testing would subject them to the enhanced penalties provided in subsection 3804(c). In practice, police used PennDOT Form DL–26 to issue such notice; the form, however, only mentions the minimum penalties of 72 hours' incarceration and a $1000 fine.

8. For the highest level of alcohol (BAC more than .16%), second and serial offenders face minimum sentences of 90 days and one year of incarceration, respectively. 75 Pa.C.S. § 3804(c).

with a BAC under .10% that the minimum time he will spend in jail if he refuses the test will increase 3,650% from 10 days to 365 days. Not only does this render the "notification" both misleading and unfair for repeat offenders, but it is antithetical to the very purpose of the warning, *i.e.*, to *encourage* people to *take* the test. *See Eisenhart, supra.* We believe that motorists should be warned of the actual consequences faced if convicted.[9]

## II. *Suppression*

▆▆▆ ¶ 11 While we agree with the lower court's determination that the warnings at issue were deficient, we disagree that the refusal evidence must be suppressed at trial.[10] Not every violation of law requires the extreme sanction of suppression. *See Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985). "It is only where the violation also implicates fundamental constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant that exclusion *may* be an appropriate remedy." *Id.* at 426 (emphasis in original).[11] The violation herein is of a statutory, not constitutional, dimension. Defendants do not dispute the legitimacy of the traffic stops or police conduct with respect to their arrests, or otherwise allege bad faith on behalf of police. Thus, we must determine whether admitting the refusal evidence would cause defendants "substantial prejudice."

¶ 12 While the introduction of such evidence would likely prejudice defendants, we hesitate to conclude that it would cause *substantial* prejudice. First, the evidence is expressly permitted by section 1547(e), which provides:

> (e) **Refusal admissible in evidence.**— In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, *the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal.* No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S. § 1547(e) (emphasis added).

¶ 13 We recognize that the above provision pre-dated the 2003 amendments, which added criminal sanctions to section 1547(b). However, the legislature did not

---

9. We understand that PennDot has further revised Form DL–26 to include the following: "[Y]ou will be subject to the more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code, which include a minimum of 72 hours in jail and a minimum fine of $1,000.00, up to a maximum of five years in jail and a maximum fine of $10,000.00." While this is slightly better than the original, we express no opinion as to whether this comports with the requirement of giving adequate notice to offenders contemplating refusal.

10. We note the Commonwealth's request that we strike the suppression order as improperly issued *sua sponte* by the court, because several of the defendants failed to seek suppression

of the refusal evidence via pre-trial motion. However, as the Commonwealth concedes, several defendants did file suppression motions. Moreover, there is nothing to prevent the remaining defendants from subsequently filing a pre-trial motion *in limine*. *See* Pa. R.Crim.P. 578, Comment. Therefore, in the interests of judicial economy, we decline the Commonwealth's invitation. Nonetheless, as discussed *infra*, we conclude that the court erroneously ruled the evidence inadmissible.

11. Indeed, the law requires that the remedy must be proportionate to the violation, and absent a heightened showing of prejudice, suppression will not befit the alleged error. *See Commonwealth v. Sharp*, 453 Pa.Super. 349, 683 A.2d 1219 (1996).

**38**

alter subsection (e) [12] when it amended the DUI laws. Therefore it must be presumed that the legislature was mindful of this Court's ruling in *Commonwealth v. Ruttle*, 388 Pa.Super. 262, 565 A.2d 477 (1989), that section 1547(e) applied independently of section 1547(b). Had the legislature decided to condition the admissibility of refusal evidence under section 1547(e) upon compliance with section 1547(b) or any other circumstance, the legislature could have expressly done so. Because it chose not to, however, it must be presumed that the legislature intended section 1547(e) to continue to operate independently of any other provision in the Implied Consent Law. *See Commonwealth v. Means*, 565 Pa. 309, 773 A.2d 143, 153 (2001); *Fonner v. Shandon, Inc.*, 555 Pa. 370, 724 A.2d 903, 906 (1999).

¶ 14 Nor do we believe that a defendant suffers substantial prejudice for not being advised of the details of his right to refuse a test to which he impliedly consented by operating the vehicle. As noted, there is no mandate to advise a suspected offender of the right to consent to the test; drivers consent to the test by embracing the *privilege* of operating a ve-

hicle in this Commonwealth. *See Commonwealth v. McCoy*, 895 A.2d 18, 28 (Pa.Super.2006) (Implied Consent Law does not require informed consent to chemical testing, but requires informed refusal). Again, we emphasize the distinction between prejudice and *substantial* prejudice.

¶ 15 Moreover, because a defendant may still be convicted of DUI without a blood test, the remedy in these cases is to impose sentence as if the defendant had not refused chemical testing. Given that this is an adequate remedy, and in light of the considerations outlined above, we conclude that the severe sanction of suppression was unwarranted here.

¶ 16 Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**12.** The only change to subsection (e) was the substitution of "3804" for "3731."