**[J-94-2016] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 7 EAP 2016 |
| | : | |
| Appellant | : | Appeal from the Judgment of the |
| | : | Superior Court entered on June 15, |
| | : | 2016 at No. 2774 EDA 2013 affirming |
| v. | : | the Order entered on August 27, 2013 in |
| | : | the Court of Common Pleas of |
| | : | Philadelphia County, Criminal Division, |
| DARRELL MYERS, | : | at No. MC-51-CR-0052681-2012 |
| | : | |
| Appellee | : | ARGUED: September 14, 2016 |

**CONCURRING OPINION**

**JUSTICE TODD**                                    **DECIDED:  July 19, 2017**

I agree with the majority that, under 75 Pa.C.S. § 1547, Myers had an unequivocal statutory right to refuse blood testing.  Furthermore, I agree that statutory right was violated in the instant case.  Finally, and as a result, I agree that suppression was warranted.   *See Commonwealth v. Eisenhart*, 611 A.2d 681, 683 (Pa. 1992) ("blood test results acquired in contravention of [Section 1547] must be suppressed"). In my view, the statutory analysis suffices to resolve the issue before us, and so I would not address the constitutional dimensions.  Accordingly, I join Parts I, II.A, II.B, and II.D of the Majority Opinion, and its mandate, but do not join the remainder.