J-S61029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL JOHN PATTON | : | |
| | : | No. 3288 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence September 8, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006940-2015

BEFORE:   LAZARUS, RANSOM, and PLATT,* JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 14, 2017**

Appellant, Daniel John Patton, appeals from the judgment of sentence of six months of probation, imposed September 8, 2016, following a bench trial resulting in his conviction for driving under the influence (DUI) - general impairment.[1]  We affirm.

The relevant facts and procedural history are as follows.  On May 3, 2015, around 10:30 p.m., a patron of a Sunoco gas station saw Appellant park his vehicle diagonally in front of the gas pump and was talking on his cellphone loudly about being at a bar.  Trial Ct. Op., 1/12/2017, at 1.  Appellant exited his vehicle, stumbled around, and appeared to be flushed.  *Id.* at 2.   The patron called 911 to report a suspected intoxicated person at the gas station because he was concerned for the safety of others.  *Id.* at 1-2.

_____

[1] 75 Pa.C.S. § 3802(a)(1).

_____
*   Retired Senior Judge assigned to the Superior Court.

Officer Peter Kondan ("the Officer"), who had experience in making DUI arrests, responded to the 911 call. When the Officer arrived at the gas station, he observed Appellant sitting in the vehicle and driving away with the passenger door open. The Officer followed Appellant onto the roadway to advise him about the open passenger door. Appellant was driving at a slow rate of speed of 7 miles per hour. The Officer activated his emergency lights; he followed Appellant's vehicle until Appellant pulled into a driveway. *See id.*

When the Officer approached Appellant's vehicle, Appellant "was speaking in unintelligible comments while raising his arms in the air." *Id.* at 2. The Officer asked Appellant about the passenger door. Before Appellant answered, the Officer smelled a strong odor of alcohol coming from inside the vehicle. *Id.* at 2-3. The Officer asked how much Appellant had to drink that evening; Appellant answered that he only had one drink. *Id.* at 3. The Officer observed Appellant's "bloodshot and glassy" eyes, as well as his "extremely slurred and at times unintelligible" speech, and his "slow and lethargic" gestures and movements. *Id.*

The Officer proceeded to administer standard field sobriety tests, including the Alphabet Test, Number Test and Romburg Balance Test. Appellant performed poorly on all tests, despite attempting some tests numerous times. *Id.* at 3. Based on Appellant's performance and his other observations of Appellant's demeanor, it was the Officer's opinion that Appellant was incapable of safe driving due to a chemical or alcohol-related impairment. *Id.* at 4.

In addition, Officer Daniel Monroe responded to this incident. Officer Monroe described Appellant's demeanor as "belligerent," exhibiting slurred speech, signs of intoxication, glassy eyes, and the smell of alcohol from his person. *See* Notes of Testimony (N.T.), 9/8/2016, at 53. After observing Appellant's performance on the field sobriety tests, Officer Monroe also concluded that Appellant was incapable of safely operating a motor vehicle. *Id.* at 54. Officer Monroe accompanied Appellant to the hospital for a blood draw to test blood alcohol content. *Id.* Appellant refused to consent to the test and did not sign the DL-26 implied consent form. *Id.* at 55.

Over Appellant's objection, his refusal to submit to a blood draw was admitted into evidence. *See id.* at 55-56. Following a bench trial, the trial court found the evidence sufficient to sustain Appellant's conviction for DUI – general impairment. Appellant was sentenced as described above.

On September 19, 2016, Appellant timely filed a post-sentence motion for acquittal or, in the alternative, a new trial. Appellant's post-sentence motion was denied on September 21, 2016.

Appellant timely filed a notice of appeal. The trial court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). The court issued an opinion assessing the sufficiency and weight of the evidence claims raised in Appellant's post-sentence motion.

On appeal, Appellant raises a single issue for review:

1. Did the court err in allowing the Commonwealth to introduce evidence that [Appellant] refused to undergo a blood test that

was in violation of the 4th and 14th Amendment to the United States Constitution?

Appellant's Br. at 3.

Appellant contends that the court erred in admitting testimony of his refusal as substantive evidence of guilt. *Id.* at 7. Appellant seeks relief in the form of a new trial. *Id.* at 6. Appellant contends that the admission of his refusal was not harmless error insofar as the evidence of refusal impacted the outcome of his trial. *Id.* at 9-10. Appellant did not seek a new trial on the basis of the alleged evidentiary error at trial or in his post-sentence memorandum. Appellant does not challenge the sufficiency or weight of the evidence on appeal.

Although not addressed by the trial court in its opinion, the sole issue that is properly before us is whether the court erred as a matter of law in overruling Appellant's objection to the admission of his refusal at trial. N.T. at 56; *see* Pa.R.Crim.P. 720(B)(1)(c) ("Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues."). Due to Appellant's failure to properly preserve his request for a new trial, we deem the remainder of Appellant's argument waived and limit our discussion accordingly. *See* Pa.R.A.P. 302, 2119(a), and 2119(e), respectively.

Appellant correctly asserts that the challenged evidentiary ruling involves the exercise of a constitutional right. *See* Appellant's Br. at 7. *See, e.g., Schmerber v. California*, 384 U.S. 757, 764 (1966) ("To compel a person to submit to testing in which an effort will be made to determine his

guilt or innocence on the basis of physiological responses, whether willed or not, is to evoke the spirit and history of the Fifth Amendment."). Our standard of review is as follows.

> [Ordinarily,] questions concerning the admissibility of evidence are within the sound discretion of the trial court and will only be reversed upon a showing that the court abused its discretion. ***Commonwealth v. Johnson***, 42 A.3d 1017, 1027 (Pa. 2012). An abuse of discretion occurs where "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." ***Commonwealth v. Randolph***, 873 A.2d 1277, 1281 (Pa. 2005). However, to the extent the question presents as "an issue involving a constitutional right, it is a question of law; thus, our standard of review is de novo, and our scope of review is plenary." ***Commonwealth v. Baldwin***, 58 A.3d 754, 762 (Pa. 2012).

***Commonwealth v. Adams***, 104 A.3d 511, 517 (Pa. 2014)

Appellant argues that the blood test he refused was illegal under ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016). ***See*** Appellant's Br. at 6-8. Appellant maintains that he had a Fourth Amendment right to refuse such a test and that such refusal cannot be used against him during trial. ***See id.*** at 7-8. Appellant suggests that the evidentiary admission of refusal to take a blood test is analogous to imposing a penalty for exercising the Fifth Amendment right to remain silent. ***See id.*** at 8 (citing in support ***Commonwealth v. Molina***, 104 A.3d 430, 441 (Pa. 2014) (holding that reference to defendant's pre-arrest silence violated defendant's right against self-incrimination under the Pennsylvania Constitution)).

In response, the Commonwealth contends that **Birchfield** "is only concerned with increased criminal penalties for a defendant who does not submit to a blood draw and the administration of a blood draw without a search warrant." Commonwealth's Br. at 4. Further, the Commonwealth directs our attention to this Court's recent precedent in **Commonwealth v. Bell**, 167 A.3d 744 (Pa. Super. 2017), *reargument denied* (Sept. 26, 2017), in which this Court explained that **Birchfield** does not impact the admissibility of refusal of a warrantless blood test. The **Bell** Court rejected the appellee's argument that the admission of refusal violated his Fifth Amendment right against self-incrimination or his Fourteenth Amendment right to due process. **See Bell**, 167 A.3d at 748-749. Relying in part on **South Dakota v. Neville**, 459 U.S. 553 (1983), this Court concluded that "it was constitutionally permissible for the prosecution to introduce evidence of this refusal at his trial on DUI charges." **Bell**, 167 A.3d at 749; **see also Commonwealth v. Graham**, 703 A.2d 510, 513 (Pa. Super. 1997) (rejecting notion that 75 Pa.C.S. § 1547(e) burdens constitutional rights by allowing evidence of refusal of a chemical test to be admitted at trial).

In the wake of **Birchfield**, our Supreme Court has explained:

By operation of the implied consent statute, once a police officer establishes reasonable grounds to suspect that a motorist has committed a DUI offense, that motorist "shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance." 75 Pa.C.S. § 1547(a). Notwithstanding this provision, Subsection 1547(b)(1) confers upon all individuals under arrest for DUI an explicit statutory right

to refuse chemical testing, the invocation of which triggers specified consequences. **See** 75 Pa.C.S. § 1547(b)(1) ("If any person placed under arrest for [DUI] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted"); [**Commonwealth v. Eisenhart**, 611 A.2d 681, 683 (Pa. 1992)] ("The statute grants an explicit right to a driver who is under arrest for [DUI] to refuse to consent to chemical testing.").

Under this statutory scheme, a motorist placed under arrest for DUI has a critical decision to make. The arrestee may submit to a chemical test and provide the police with evidence that may be used in a subsequent criminal prosecution, or the arrestee may invoke the statutory right to refuse testing, which: (i) results in a mandatory driver's license suspension under 75 Pa.C.S. § 1547(b)(1); (ii) renders the fact of refusal admissible as evidence in a subsequent DUI prosecution pursuant to 75 Pa.C.S. § 1547(e); and (iii) authorizes heightened criminal penalties under 75 Pa.C.S. § 3804(c) if the arrestee later is convicted of DUI. In very certain terms, this Court has held that, in requesting a chemical test, the police officer must inform the arrestee of the consequences of refusal and notify the arrestee that there is no right to consult with an attorney before making a decision. **See** [**Pa. Dep't of Transp., Bureau of Traffic Safety v. O'Connell**, 555 A.2d 873, 877–78 (Pa. 1989)]. "An arrestee is entitled to this information so that his choice to take a [chemical] test can be knowing and conscious." **Id.** at 878. The choice belongs to the arrestee, not the police officer.

**Commonwealth v. Myers**, 164 A.3d 1162, 1170–71 (Pa. 2017).

As we stated in **Bell**:

The Implied Consent Law sets forth penalties to be imposed upon a person who is arrested for DUI and refuses to submit to chemical testing. First, Section 1547(b) requires the Pennsylvania Department of Transportation to suspend the driver's license for at least one year. 75 Pa.C.S.A. § 1547(b). Second, Section 1547(e) allows for evidence of the motorist's refusal to submit to chemical testing to be admitted at his or her criminal trial on DUI charges:

**(e) Refusal admissible in evidence.—** In any summary proceeding or criminal proceeding in which the defendant is

- 7 -

> charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

> 75 Pa.C.S.A. § 1547(e).

*Bell*, 167 A.3d at 747.

Appellant's reliance on *Molina* is unpersuasive. The *Molina* Court recognized that, in Pennsylvania, the right against self-incrimination has "generally developed in parallel or following the dictates of federal precedent interpreting the Fifth Amendment, particularly … *Griffin* [*v. California*], 380 U.S. 609, 615 (1965)." *Molina*, 104 A.3d at 444. In *Neville*, the United States Supreme Court declined to extend a defendant's privilege against self-incrimination, as set forth in *Griffin*, to a case in involving a defendant's refusal to submit to warrantless blood testing pursuant to a state's implied consent statute. The Court explained:

> *Griffin* held that a prosecutor's or trial court's comments on a defendant's refusal to take the witness stand impermissibly burdened the defendant's Fifth Amendment right to refuse. Unlike the defendant's situation in *Griffin,* a person suspected of drunk driving has no constitutional right to refuse to take a blood-alcohol test. The specific rule of *Griffin* is thus inapplicable.

*Neville*, 459 U.S. at 560 n.10.

Contrary to Appellant's contention, *Birchfield* does not create a constitutional right to refuse a warrantless test and avoid the civil

consequences of such refusal imposed by statute. **See Birchfield**, 136 S.Ct. at 2185. The **Birchfield** Court noted: "[o]ur prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply." **Id.** (citing **Neville**, 459 U.S. at 560). The **Neville** Court held that the evidentiary admission of a lawful refusal is "unquestionably legitimate." **Neville**, 459 U.S. at 560.

For these reasons, the trial court correctly concluded that **Birchfield** does not affect the evidentiary admissibility of refusal authorized by 75 Pa.C.S. § 1547(e). **See Bell**, 167 A.3d at 750. Accordingly, the trial court did not err. Appellant is entitled to no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017

- 9 -